IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CURTIS NAPIER,                              :      CIVIL NO.  3:CV-10-1231
                                            :
                          Petitioner        :      (Judge Munley)
           v.                               :
                                            :
WARDEN WILLIAM SCISM,                       :
                                            :
                          Respondent        :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, in which Curtis Napier ("Napier") alleges that the Federal Bureau of Prisons ("BOP") incorrectly computed his federal sentence.  For the reasons set forth below, the petition will be denied.

## I.    Background

On December 7, 1982, Napier was arrested by federal authorities for unlawful use of a communication facility in the distribution of narcotic drugs, in United States District Court for the Eastern District of Michigan case number 82-80591 D29.  (Doc. 9-2, at 3, ¶ 2.)  On December 10, 1982, he was released on Bond.  Id.  He pled not guilty at his January 3, 1983 arraignment and was released on a cash/security bond.  Id. at ¶ 3.  However, on April 4, 1983, he changed his plea to guilty and entered into a plea agreement.  (Doc. 1-2, at 2-5.)  Thereafter, he failed to appear for sentencing which was scheduled for June 14, 1983.  (Doc. 1-2, at 7.)  Consequently, a bench warrant was issued, his bond was forfeited, and his right to

bail was revoked.  See id.

On November 13, 1983, local authorities in the state of Michigan arrested Napier for possession of stolen property in excess of $100.00 in case 84-62730-FH. (Doc. 9-2, at 3, ¶ 3.) He was also charged with a probation violation for previous convictions (Case Nos. 81-08373, 83-082778, and 83-08583) for assault with intent to commit murder, murder in the second degree, and two convictions of possession felony firearm. (Id.)

On November 23, 1983, while Napier was in state custody, federal officials borrowed him via a writ of habeas corpus ad prosequendum for purposes of sentencing him on the federal charges from which he absconded.  (Doc. 9-2, at 3, ¶ 4; Doc. 1-2, at 7.)  On that date, he was sentenced to a thirty-two month term of imprisonment for the federal drug offense in case no 82-80591 and returned to the custody of Michigan state officials.  (Doc. 9-2, at 4, ¶ 5; Doc. 1-2, at 9.)  At that time, federal authorities filed the Judgement and Commitment Order in case no. 82-80591 as a detainer.  (Id. at 4, ¶ 5.)

On January 31, 1984, Napier was sentenced in the State of Michigan to four to twenty years incarceration for a probation violation in case 81-8373, which was to run concurrent to the sentence he was serving.  (Doc. 9-2, at 4, ¶ 6; at 13.)  On October 1, 1984, he was sentenced for possession of stolen property in excess of $100.00 in case 84-62730-FH.  (Id.) On April 11, 1985, he was sentenced for assault with intent to commit murder, possession of felony firearm in Case No. 83-082778.  (Id.)  On October 4, 1985, he was sentenced for second degree murder, and possession felony firearm, in case 83-08583.  (Id.)

2

On August 18, 1987, Napier was again borrowed from Michigan authorities for the prosecution of federal gambling charges under 18 U.S.C. § 1962(d), Conspiracy – Racketeer Influenced and Corrupt Organization in United States District Court for the Eastern District of Michigan Case No. 87-80648-13. (Doc. 9-2, at 4, ¶¶ 7-8.) He was sentenced to "five (5) years to run consecutive to State sentence defendant is presently serving and concurrent with Federal sentence." (Doc. 9-2, at 20.) He was returned to the custody of the State of Michigan and a federal detainer was lodged against him. (Doc. 9-2, at 4, ¶ 8.)

On July 8, 2009, Napier was paroled from the state of Michigan and released to the United States Marshals Service pursuant to the federal detainers for the service of the federal sentences. (Doc. 9-2, at 4, ¶ 9; at 22.) Once received in federal custody, the BOP prepared a sentence computation to an aggregated five year term of confinement based on the Judgment and Probation/Commitment Order in Case No. 87-80648-13 commencing on July 8, 2009, the day of parole from the State of Michigan, with jail credit in the amount of five days for the time Napier spent in pre-sentence custody from December 7, 1982, through December 10, 1982, and January 3, 1983. (Doc. 9-2, at 4, ¶ 10; at 25-27.) His projected release date is November 2, 2012. (Id. at 27.)

## II.     Discussion

A petition for writ for habeas corpus under § 2241 is the proper vehicle for relief "where the petitioner challenges the effects of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his

sentence rather than its validity.  See United States v. Addonizio, 442 U.S. 178, 185-88

(1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Thus, petitioner has properly

invoked section 2241 to challenge the determination of sentencing credit by the BOP and has

done so in the proper district, where he is imprisoned.  Barden v. Keohane, 921 F.2d 476,

478-79 (3d Cir. 1990).

Napier argues that he because he was in primary federal custody after he was

sentenced on November 23, 1983, he is entitled to sentence credit pursuant to 18 U.S.C. §

3568, from that date forward.  (Doc. 11, at 2.)[1]  Title 18 U.S.C. § 3568 states in pertinent part

that "[t]he sentence of imprisonment of any person convicted of an offense shall commence

to run from the date on which such person is received at the penitentiary, reformatory, or jail

for service of such sentence. If any such person shall be committed to a jail or other place of

detention to await transportation to the place at which his sentence is to be served, his

sentence shall commence to run from the date on which he is received at such jail or other

place of detention."  18 U.S.C. § 3568.

Despite Napier's argument to the contrary, he was not received into federal custody

for service of his federal sentence until July 8, 2009.  Because he was first arrested on state

charges and was in state custody at the time his federal sentence was imposed, the state had

---

[1]In a recent letter, Napier states "[m]y argument or position is simple, especially
through all the concurrent sentences from so many federal and state judges, that is – (a)
federal courts' [sic] had primary jurisdiction after my initial sentence, (b) 18 U.S.C. § 3568
applied throughout this whole circumstance, and (c) that the time should be credited towards
my federal sentence." (Doc. 11, at 2.)

prior jurisdiction over defendant. It is well-settled as between a state and the United States that the governmental entity which first retains physical possession of a defendant may proceed in its sovereign capacity with a trial, sentencing and imprisonment before the second sovereign gains jurisdiction. United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980); United States v. Croft, 450 F.2d 1094, 1099 (6th Cir. 1971); Mitchell v. Boen, 194 F.2d 405, 407 (10th Cir. 1952); Vanover v. Cox, 136 F.2d 442, 443 (8th Cir. 1943).

If, as in the present case, a defendant is first in state custody and then is turned over to federal officials under a writ of habeas corpus ad prosequendum, the state government's loss of jurisdiction is only temporary. Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980); In re Liberatore, 574 F.2d 78, 89 (2nd Cir. 1978). Such a writ is for the purpose of indicting, prosecuting and sentencing the defendant. Flick v. Blevins, 887 F.2d 778, 781 (7th Cir. 1989). Accord United States v. Jones, 938 F.2d 447, 449 (3d Cir. 1991). Time spent on an ad prosequendum writ is not time in federal custody because the defendant is merely being "borrowed" from the state authorities and legally he remains in state custody. Chambers v. Holland, 920 F. Supp. 618,622 (M.D. Pa. 1996).

Napier was "borrowed" temporarily from the state, who first had jurisdiction over the him for federal sentencing on November 23, 1983. Upon the completion of the federal proceeding, defendant was immediately returned to the custody of the state. The intention of the federal government to return defendant to state custody before the commencement of the federal sentence is further evidenced by the filing of the federal Judgment and Commitment

Order 82-80591 D29 as a detainer.  On August 18, 1987, he was again borrowed from Michigan authorities for the federal prosecution in Case No. 87-80648-13. He was sentenced to term of imprisonment of five years to run consecutive to the State sentence he was serving and concurrent with his previously imposed federal sentence.  He was again returned to the custody of the State of Michigan and a federal detainer was lodged against him.

Napier remained in state custody until the completion of his state sentence and his federal sentences did not commence running until July 8, 2009, the date on which he was received into the custody of the federal authorities.  Consequently, the petition will be denied because his sentence was properly computed as having commenced on July 8, 2009, and he is not entitled to any sentence credit.

**III.    Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be denied.  An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:    August 31, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS NAPIER, | : | CIVIL NO.  3:CV-10-1231 |
| | : | |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN WILLIAM SCISM, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit, this 31st day of August 2011, upon consideration of the petition

for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1.      The petition for writ of habeas corpus is DENIED.

2.      The Clerk of Court is directed to CLOSE this case.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**